IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 23-cv-03005-PAB-KAS

ZACHARY T. REAMS, as conservator for STEVEN GILLS,

    Plaintiff,

v.

LANDSTAR RANGER, INC., and
SAUL ALMERAZ,

    Defendants.

---

## ORDER

---

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment to Strike Defendants' Nonparty Designation of Home Depot [Docket No. 65] and Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses of Comparative Negligence and Assumption of Risk [Docket No. 66]. Defendants filed responses to the motions for summary judgment, Docket Nos. 75, 76, and plaintiff filed replies in support of his motions for summary judgment. Docket Nos. 78, 79. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### I. UNDISPUTED FACTS[1]

This lawsuit arises out of Steven Gills being injured while sleeping under a semi-trailer truck ("semi-truck") at the Home Depot loading docks in Grand Junction, Colorado on April 8, 2022. On the night of April 7, 2022, defendant Saul Almeraz delivered a load of freight on behalf of defendant Landstar Ranger, Inc. ("Landstar") to the Grand

---

[1] The following facts are undisputed unless otherwise noted.

Junction Home Depot and slept overnight in the cab of his semi-truck at the Home
Depot loading docks.  Docket No. 66 at 2, ¶ 5.  At some point during the night, Mr. Gills
came upon the Home Depot loading docks.  *Id.*, ¶ 6.  At the time, Mr. Gills was
homeless and living on the streets, *id.*, ¶ 4, and was suffering from unspecified
schizophrenia.  *Id.* at 3, ¶ 12.  Mr. Gills was not receiving treatment for his
schizophrenia.  *Id.*, ¶ 13.

      Upon arriving at the Home Depot loading docks, Mr. Gills laid down underneath a
semi-truck and fell asleep.[2]  *Id.*, ¶ 7.  Mr. Gills was trying to hide underneath the truck
because he believed he would be chased away from the loading docks if he was seen.
Docket No. 76 at 6, ¶ 29.  At the time, Mr. Gills was a trespasser as defined under the
Colorado Premises Liability Act ("CPLA"), Colo. Rev. Stat. § 13-21-115.[3]  Docket No. 79
at 4, ¶ 28.  Mr. Gills knew that it is not safe to sleep outside or in the streets.[4]  Docket
No. 76 at 6, ¶ 30.  At approximately 6:15 a.m. on April 8, 2022, Mr. Almeraz began to
pull his semi-truck away from the Home Depot loading docks.  Docket No. 66 at 2, ¶ 8.

---

    [2] Plaintiff asserts that Mr. Gills fell asleep under Mr. Almeraz's semi-truck.
Docket No. 66 at 2, ¶ 7.  Defendants dispute that Mr. Gills fell asleep under Mr.
Almeraz's semi-truck, but do not dispute that Mr. Gills laid down and fell asleep under
another semi-truck parked at the Home Depot loading docks.  Docket No. 76 at 3, ¶ 7.
    [3] Defendants assert that Mr. Gills was a trespasser.  Docket No. 76 at 6, ¶ 28.
Plaintiff disputes the general characterization of Mr. Gills as a trespasser, but does not
dispute that he was a trespasser on the Home Depot loading docks as that phrase is
defined under Colo. Rev. Stat. § 13-21-115(7)(d).  Docket No. 79 at 4, ¶ 28; Docket No.
78 at 2, ¶ 1.
    [4] Plaintiff disputes this fact, but does not cite evidence to support his denial.
Docket No. 79 at 4, ¶ 30.  According to the Court's practice standards, "[a]ny denial
shall be accompanied by a brief factual explanation of the reason(s) for the denial and a
specific reference to material in the record supporting the denial."  Practice Standards
(Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.iv. (emphasis omitted).  Thus,
the Court deems this fact admitted.

Mr. Gills was dragged underneath the trailer and sustained serious injuries. *Id.* at 3, ¶ 9.[5]

Zachary T. Reams, the plaintiff in this matter, was appointed as Conservator for Mr. Gills on June 29, 2022. *Id.* at 2, ¶ 3. On November 13, 2023, plaintiff filed this action against defendants Almeraz and Landstar, asserting claims of negligence and negligence *per se* against defendant Almeraz and claims of vicarious liability and negligent training and supervision against defendant Landstar. *Id.* at 3, ¶ 10. Defendants filed their amended answer, asserting numerous affirmative defenses, including comparative negligence and assumption of the risk. *Id.*, ¶ 11; Docket No. 31. Defendants also filed a designation of non-party at fault, naming Home Depot as a potentially responsible party. Docket No. 75 at 3, ¶ 18; Docket No. 35.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is

---

[5] Defendants dispute that Mr. Gills was underneath or was dragged by Mr. Almeraz's semi-truck, Docket No. 76 at 3-5, ¶¶ 2, 9, but, as noted by plaintiff, defendants admitted in their amended answer, Docket No. 31 at 2, ¶ 9, that "Mr. Gills and Almeraz were involved in a semi versus pedestrian incident," and, at the time of the incident, Mr. Almeraz was the driver. *Id.*, ¶ 10.

"genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim or affirmative defense. *Harper v. Mancos Sch. Dist. RE-6*, 837 F. Supp. 2d 1211, 1217 (D. Colo. 2011). By contrast, where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. Of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

Plaintiff filed two motions for summary judgment. Docket Nos. 65, 66. In the first, plaintiff seeks to strike defendants' non-party designation of Home Depot. Docket No. 65. In the second, plaintiff seeks summary judgment on defendants' affirmative defenses of comparative negligence and assumption of the risk. Docket No. 66. The parties' arguments assume that Colorado law applies. *See* Docket No. 65 at 5-6;

Docket No. 75 at 4-5; Docket No. 66 at 5; Docket No. 76 at 7.  The Court will proceed

under the same assumption.  *See Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th

Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will

proceed under the same assumption.").

### A.  Non-Party Designation

Colorado law allows the finder of fact in a civil action to consider the degree of

negligence or fault of a non-party to the action when determining the degree of

negligence or fault of a party to the action.  Colo. Rev. Stat. § 13-21-111.5(3)(a).  In

their designation of non-party at fault, defendants name Home Depot as partially

responsible for Mr. Gill's injuries because it was negligent in not securing the loading

dock area from pedestrians.  Docket No. 75 at 3, ¶ 18.  Plaintiff argues that the Court

should strike defendants' non-party designation of Home Depot because (1) Home

Depot did not owe Mr. Gills a duty of care, and (2), even if Home Depot did owe Mr.

Gills a duty of care, defendants have not produced evidence that it breached that duty.

Docket No. 65 at 6, 10.  As for his second argument, plaintiff asserts that, if Home

Depot owed Mr. Gills a duty of care, such duty would be set forth by the CPLA.  *Id.* at

10.  Plaintiff argues that Mr. Gills would be classified as a trespasser under the CPLA,

and as a trespasser, Home Depot only owed Mr. Gills a duty to protect him from willful

or deliberate actions caused by Home Depot.  *Id.*

As a result of plaintiff's position on the trespasser issue, defendants state that,

"[t]o the extent Plaintiff does not argue [that Mr. Gills was not a trespasser], Defendants

agree to withdraw their non-party designation of Home Depot."  Docket No. 75 at 5.  In

his reply, plaintiff states that he "does not dispute, as shown by Plaintiff's Motion for

Partial Summary Judgment, that as it relates to Home Depot and the area where the

incident occurred, Plaintiff would be considered a trespasser under C.R.S. § 13-21-115(7)(d)." Docket No. 78 at 2, ¶ 1. Notably, the CPLA "establish[es] a comprehensive and exclusive specification of the duties landowners owe to those injured on their property. Accordingly, common law landowner duties do not survive its enactment." *Vigil*, 103 P.3d at 323. Thus, because defendants agree that Home Depot did not breach any duty owed to trespassers under the CPLA, the Court finds that Home Depot was not at fault for Mr. Gill's injuries. Accordingly, the Court will grant plaintiff's first motion for summary judgment.

### B. Comparative Negligence

Plaintiff seeks summary judgment on defendants' comparative negligence affirmative defense. Docket No. 66 at 7-8. "Comparative negligence means a failure to do an act that a reasonably careful person would do, or the doing of an act that a reasonably careful person would not do, under the same or similar circumstances, to protect oneself from bodily injury." *Reid v. Berkowitz*, 315 P.3d 185, 195 (Colo. App. 2013) (citation omitted). "Colorado's comparative negligence statute states that 'any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made,' so long as 'such negligence was not as great as the negligence of the person against whom recovery is sought.'" *Getzel v. ATS Specialized, Inc.*, No. 21-cv-02836-DDD-NRN, 2024 WL 446038, at *2 (D. Colo. Jan. 19, 2024) (quoting Colo. Rev. Stat. § 13-21-111(1)). When a comparative negligence defense is raised, "[t]he relative degrees of fault are to be determined by a trier of fact except in the clearest of cases where the facts are undisputed and reasonable minds can draw but one inference." *Gordon v. Benson*, 925 P.2d 775, 777 (Colo. 1996).

Plaintiff argues that, when considering whether a plaintiff with a mental disability was comparatively negligent, the reasonable person standard should be modified. Docket No. 66 at 6-7.  Specifically, plaintiff believes that Mr. Gills should be judged according to what a reasonable person with the same mental disability— schizophrenia—would do or not do.  *Id.*  The Court disagrees.  Plaintiff's proposal is contrary to Colorado Supreme Court precedent.  In *Johnson v. Lambotte*, 363 P.2d 165, 166 (1961), the Colorado Supreme Court held that an individual with a mental disability is "held to the same degree of care and diligence as a person of sound mind."  Plaintiff acknowledges *Johnson*, but argues that the Court should not apply this rule because *Johnson* was decided over sixty years ago and because *Johnson* dealt with determining a tortfeasor's liability, not determining a plaintiff's comparative negligence.  Docket No. 66 at 6.  Moreover, plaintiff argues that the Court should utilize a modified standard in this case because Colorado courts have held that a person's physical disability should be taken into account when determining negligence.  *Id.* at 5-6.  Plaintiff also points out that other jurisdictions have utilized a modified standard for determining the negligence of a person with a mental disability.  *Id.* at 6-7.  Finally, in his reply, plaintiff argues that a modified standard is appropriate from a policy perspective.  Docket No. 79 at 4-5. Plaintiff argues that, when applying the modified standard, Mr. Gills was not comparatively negligent as a matter of law.  Docket No. 66 at 7-8.

Plaintiff does not identify any Colorado case which deviates from *Johnson's* holding that an objective, reasonable person standard is used to evaluate the negligence of individuals with a mental disability, nor has the Court found any.  "When applying a state's law, a federal court must follow the most recent decisions of the

state's highest court." *Chisholm's-Vill. Plaza LLC v. Cincinnati Ins. Co.*, 2025 WL
1178099, at *3 (10th Cir. Apr. 23, 2025) (unpublished) (citation and internal quotations
omitted). That rule is not abrogated simply because the most recent case was decided
over sixty years ago. Moreover, the Colorado Supreme Court cited *Johnson* in *White v.
Muniz*, 999 P.2d 814, 818 (Colo. 2000), where the court stated that "the mentally
disabled are held to the reasonable person standard in negligence actions"[6] (citing
*Johnson*, 363 P.2d at 166). The Court is bound by Colorado Supreme Court precedent
in this case, *see Chisolm's-Vill. Plaza*, and therefore must apply the reasonable person
standard, regardless of any policy arguments to the contrary and regardless of what
standard other jurisdictions apply.

Plaintiff's attempt to distinguish *Johnson* is unpersuasive. Plaintiff is correct that
*Johnson* applied a reasonable person standard to determine whether a defendant
breached her duty of care in a negligence action brought against her. *Johnson*, 363
P.2d at 165-66. And plaintiff is correct that Mr. Gills is bringing a negligence action and
defendants are claiming he was comparatively negligent as an affirmative defense.
Thus, whereas *Johnson* applied a reasonable person standard to a defendant, here the
issue is whether the reasonable person standard should apply to a plaintiff. Plaintiff,
however, does not explain why this distinction is material. *See* Docket No. 66 at 6. The
Court does not find any reason why the holding in *Johnson* would not apply to a plaintiff
defending against a comparative negligence affirmative defense.

---

[6] Plaintiff notes that the *White* court only made this statement in dicta, but that
does not negate the fact that the Colorado Supreme Court cited *Johnson* with approval.
Docket No. 79 at 4.

Finally, the Court is unpersuaded by plaintiff's argument that *Johnson* is no longer applicable because Colorado courts have applied a modified standard to individuals with a *physical* disability. The law has traditionally applied a reasonable person standard to individuals with a mental disability and a modified reasonable person standard to individuals with a physical disability. *See* Restatement (Second) of Torts § 283B (1965) ("Unless the actor is a child, his insanity or other mental deficiency does not relieve the actor from liability for conduct which does not conform to the standard of a reasonable man under like circumstances."); Restatement (Second) of Torts § 283C (1965) ("If the actor is ill or otherwise physically disabled, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable man under like disability."). Thus, the Court does not find that Colorado caselaw which uses a modified reasonable person standard for individuals with a physical disability undermines Colorado caselaw which uses a reasonable standard for individuals with a mental disability.

The Court finds that a reasonable person standard applies to defendants' comparative negligence defense. Accordingly, the Court will deny summary judgment to plaintiff.

### C. Assumption of the Risk

Plaintiff also seeks summary judgment on defendants' assumption of the risk affirmative defense. *Id.* at 8. "Colorado defines assumption of the risk as 'voluntarily or unreasonably expos[ing] [oneself] to injury or damage with knowledge or appreciation of the danger and risk involved.'" *Hendrickson v. Doyle*, 150 F. Supp. 3d 1233, 1243 (D. Colo. 2015) (quoting Colo. Rev. Stat. § 13-21-111.7). "Assumption of the risk is a species of comparative negligence." *Id.* "[T]he distinction between assumption of the

9

risk specifically and comparative negligence generally is a distinction between, on the one hand, 'risks which were in fact known to the plaintiff, or so obvious that he must be taken to have known of them' (assumption of the risk), and on the other hand, 'risks which he merely might have discovered by the exercise of ordinary care' (simple negligence)." *Id.* (quoting *Harris v. The Ark*, 810 P.2d 226, 232 (Colo. 1991)). "Assumption of risk, like contributory negligence, is a fact question which a litigant is entitled to have determined by the trier of fact. This is true even in situations where there is little or no conflict in the evidence, if reasonable minds might draw different conclusions from the undisputed testimony." *Ferguson v. Gardner*, 554 P.2d 293, 296 (Colo. 1976) (citation omitted).

Plaintiff argues that defendants have failed to produce evidence that Mr. Gills was unable to appreciate or know of the danger of the situation he was in, citing defendants' own expert who testified that Mr. Gills, due to his schizophrenia, was unable to recognize the danger he was in. Docket No. 66 at 8. However, in response, defendants cite, as an undisputed fact, that Mr. Gills "knew that it's not safe to sleep outside or in the streets." Docket No. 76 at 6, ¶ 30 (citing Docket No. 75-1 at 3, 18:12-13). Plaintiff disputes this fact, arguing that "[t]he referenced testimony does not show that Mr. Gills knew at the time it was not safe to sleep outside or in the streets." Docket No. 79 at 4, ¶ 30. The Court disagrees. In his deposition, defendants asked Mr. Gills, "would you agree, it's not a safe place to sleep under a truck?" Docket No. 75-1 at 3, 18:6-7. Mr. Gills responded that "[i]t's not a safe place to sleep outside, but I had no choice. . . . It's not safe to sleep outside in the streets or something, you know." *Id.*, 18:9-13. The Court finds that this testimony creates a genuine issue of material fact as

to whether Mr. Gills knew it was dangerous to sleep under a semi-truck.  It is not for the

Court to weigh conflicting evidence in determining whether summary judgment is

appropriate; rather, the Court must determine if the evidence creates a genuine issue

for trial.  *Celotex Corp.*, 477 U.S. at 324.  Accordingly, the Court will deny plaintiff's

second motion for summary judgment.

## IV.  CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment to Strike

Defendants' Nonparty Designation of Home Depot [Docket No. 65] is **GRANTED**.  It is

further

**ORDERED** that Plaintiff's Motion for Summary Judgment on Defendants'

Affirmative Defenses of Comparative Negligence and Assumption of Risk [Docket No.

66] is **DENIED**.

DATED March 9, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge