IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 23-cv-03005-PAB-KAS

ZACHARY T. REAMS, as conservator for Steven Gills,

Plaintiff,

v.

LANDSTAR RANGER, INC., and
SAUL ALMERAZ,

Defendants.

---

**ORDER**

---

This matter comes before the Court on Plaintiff's Motion to Exclude Defendants' Supplemental Expert Report of Robert E. Kleinman, M.D. [Docket No. 126]. Defendants filed a response. Docket No. 128.

## I. BACKGROUND[1]

This case is set for trial on August 24, 2026. Docket No. 87. On July 24, 2026, defendants filed a motion in limine, seeking to exclude the supplemental report of David L. Reinhard, M.D., plaintiff's expert witness. Docket No. 95. Defendants argued that Dr. Reinhard's supplemental report should be excluded because it was untimely, not being disclosed until July 1, 2026, well past plaintiff's September 13, 2024 affirmative expert disclosure deadline. *Id.* at 3; Docket No. 40 at 1. In response, plaintiff argued that the supplemental report simply "reflects Dr. Reinhard's review of additional historical medical records and states that this review does not change the opinions

[1] The following facts are undisputed unless otherwise noted.

already disclosed in his original report." Docket No. 113 at 3. Dr. Reinhard states in his supplemental report that, "[a]fter having reviewed the additional medical records, the opinions expressed in [his] 06/22/2024, medical record review have not changed." Docket No. 113-2 at 4. Therefore, plaintiff argued that defendants "cannot identify any actual prejudice from a report that changes nothing." Docket No. 113 at 2. On August 7, 2026, during the trial preparation conference, the Court agreed with plaintiff and denied defendant's motion to exclude the supplemental report. Docket No. 119. The scheduling order for this case states that expert disclosures will be supplemented as necessary pursuant to Rule 26(e), but says nothing indicating that an expert may rebut another expert's supplemental disclosure. Docket No. 33 at 7.

On August 9, 2026, defendants' expert witness, Robert E. Kleinman, M.D., authored a supplemental expert report, Docket No. 126-1, based on his review of the same 800 pages of medical records that Dr. Reinhard based his supplemental report on. Docket No. 128 at 1. Defendants' affirmative expert disclosure deadline was November 15, 2024. Docket No. 44. On August 14, 2026, plaintiff filed a motion to exclude Dr. Kleinman's supplemental report. Docket No. 126. Plaintiff states, and defendants do not dispute, that this report was disclosed to plaintiff on August 13, 2026, eleven days before trial. *Id.* at 1. On August 19, 2026, defendants filed a response. Docket No. 128.

## II. LEGAL STANDARD

### A. <u>Rule 26</u>

Federal Rule of Civil Procedure 26(a) governs the requirements for disclosure of witnesses. Rule 26(a)(2)(B) provides that, if a "witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's

employee regularly involve giving expert testimony," the party offering the witness must supplement its disclosure with an expert report. Fed. R. Civ. P. 26(a)(2)(B). The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

"The purpose of expert disclosures is to eliminate surprise and provide opposing counsel with enough information to prepare efficiently for deposition, any pretrial motions and trial." *Nosewicz v. Janosko*, No. 16-cv-00447-PAB-KLM, 2019 WL 4248895, at *3 (D. Colo. Aug. 19, 2019), *report and recommendation adopted*, 2019 WL 4242739 (D. Colo. Sept. 6, 2019) (internal quotations, citation, and alterations omitted); *see also Williams v. Haubstein*, 2022 WL 4547466, at *4 (D. Kan. Sept. 29, 2022) ("The purpose of the expert disclosure requirements is to avoid the danger of unfair surprise."). Rule 26(e)(1)(A) states that a party must supplement or correct its disclosure in a timely manner "if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective informative has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e)(1), however, cannot "be used as a

vehicle to disclose entirely new expert opinions after the deadline established by the court." *Booker v. P.A.M. Transp., Inc.*, 2024 WL 4664420, at *8 (D.N.M. Nov. 4, 2024) (citation omitted).

### B. Rule 37

Federal Rule of Civil Procedure 37(c) provides that, if a party fails to provide information as required by Rule 26, the party is not allowed to use that information unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). The "determination of whether a Rule 26(a) . . . violation is justified or harmless is entrusted to the broad discretion of the district court." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). In making this determination, courts consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

## III. ANALYSIS

Defendants do not argue that they have a right to rebut Dr. Reinhard's supplemental report, making Dr. Kleinman's supplemental report timely. Rather, defendants argue that, even though Dr. Kleinman's supplemental report was not timely disclosed, the *Woodworker* factors do not support excluding Dr. Kleinman's opinions. Docket No. 128 at 4-5. Plaintiff disagrees, arguing that the *Woodworker* factors compel exclusion of Dr. Kleinman's supplemental report. Docket No. 126 at 7-10.

As to the first *Woodworker* factor, plaintiff argues that he is prejudiced because Dr. Kleinman's supplemental report offers new and revised opinions, and is primarily

based on records that defendants have possessed for over 16 months. *Id.* at 8. Plaintiff asserts that he must spend significant time addressing these new opinions, instead of using that time to prepare for trial. *Id.* Plaintiff also argues that he is prejudiced because he does not have time to re-depose Dr. Kleinman or to retain an expert to rebut the new opinions and because Dr. Kleinman's report offers multiple opinions which raise Rule 702 issues. *Id.* at 8-9. Defendants, on the other hand, argue that the "overwhelming majority" of opinions in Dr. Kleinman's supplemental report have already been disclosed. Docket No. 128 at 5. Defendants claim that Dr. Kleinman's supplemental report was prepared "in direct response to and rebuttal to a June 2, 2026 supplemental report authored by David L. Reinhard." *Id.* at 1.

The Court disagrees with defendants. It is true that Dr. Kleinman's supplemental report discusses Dr. Reinhard's supplemental report. Docket No. 126-1 at 8, 11. But the Court has already found that Dr. Reinhard's supplemental report contains no new opinions. Docket No. 119. Thus, Dr. Kleinman does not need to rebut these opinions. Moreover, unlike Dr. Reinhard's supplemental report, Dr. Kleinman's supplemental report contains new and revised opinions. For instance, Dr. Kleinman states that "[he] would now characterize [Mr. Gills's] judgment as substantially impaired rather than conclude that he had no appreciation of danger." *Id.* at 9. This is a material change because, under Colorado law, a plaintiff must appreciate the danger of a situation in order for a defendant to successfully raise an assumption of the risk defense. *Ferguson v. Gardner*, 554 P.2d 293, 296 (1976) ("a person assumes the risk of injury or damage resulting from the negligence of another if he voluntarily and unreasonably exposes himself to injury or damages with knowledge and appreciation of the danger and risk

involved.") (citations omitted). Dr. Kleinman also opines, for the first time, that Mr. Gills's "own conduct was a substantial contributing cause of the circumstances in which he was injured." Docket No. 126-1 at 11. This new opinion directly relates to defendants' comparative negligence and assumption of the risk defenses. Dr. Kleinman also opines that, under Colorado law, there was a basis to involuntarily hold Mr. Gills due to his mental health issues. Specifically, Dr. Kleinman discusses that, under Colorado law, "grave disability" provides a legal basis for an involuntary mental health hold, Docket No. 126-1 at 9, and then states that Mr. Gills is gravely disabled. *Id.* at 10. In his original report, Dr. Kleinman states that Mr. Gills is gravely disabled, but does not discuss Colorado law or define grave disability by statute. Docket No. 126-3 at 16.

Therefore, only eleven days before trial, defendants disclosed a supplemental expert report that contained materially different opinions. "Courts have found that there is no prejudice if the new report of the . . . expert stays within the 'four-corners' of the original expert's report." *City of Las Cruces v. Lofts at Alameda, LLC*, 2023 WL 2366760, at *5 (D.N.M. Mar. 6, 2023), *report and recommendation adopted*, 2023 WL 6370778 (D.N.M. Sept. 29, 2023) (citations omitted). Conversely, when the report contains novel analysis, such a change will prejudice the other party. *Id.* (citation omitted). Not only is there insufficient time before trial to address any substantive objections to Dr. Kleinman's opinions through motions practice, but the new opinions prejudice plaintiff by diverting the attention of his attorneys shortly before trial. Thus, the Court finds that there is prejudice to plaintiff and the first *Woodworker* factors weighs in favor of excluding the new or modified opinions in Dr. Kleinman's supplemental report.

The Court finds that the second *Woodworker* factors also weighs in favor of excluding the new or modified opinions in Dr. Kleinman's supplemental report. Discovery has closed in this case and trial commences in four days. Plaintiff has no time or ability to re-depose Dr. Kleinman or rebut his new opinions. The only potential way to cure the late disclosure of Dr. Kleinman's report would be to continue the trial and reopen discovery. Neither side seeks a continuance.

As to the third *Woodworker* factor, the Court finds that allowing Dr. Kleinman to testify consistent with his supplemental expert report would disrupt the trial. "Specifically, because the opinions have been inadequately disclosed, they may be subject to objections that should have been resolved through motions practice before trial." *Houston v. Smith*, No. 24-cv-00934-PAB-CYC, 2025 WL 2662960, at *10 (D. Colo. Sept. 17, 2025). The Court finds that it would be disruptive to resolve such objections during the trial. Although defendants suggest that plaintiff could "question Dr. Kleinman about his supplement report outside the presence of the jury," Docket No. 128 at 5, the Court finds that such a procedure would also delay the trial and thus supports exclusion of Dr. Kleinman's new opinions.

Finally, plaintiff argues that the fact defendants disclosed the new expert report only eleven days before trial is indicative of bad faith and willfulness. Docket No. 126 at 9-10. Defendants respond that the supplementation was late because it was in response to the Court's ruling allowing the supplementation of Dr. Reinhard's report. The Court finds that defendants did not act in bad faith. Therefore, the fourth *Woodworker* factor weighs against excluding the new or modified opinions within the report.

In sum, three *Woodworker* factors weigh in favor of excluding the new or modified opinions found in Dr. Kleinman's supplemental report and one *Woodworker* factor weighs against excluding them. When such factors are balanced against one another, the Court finds that, pursuant to Fed. R. Civ. P. 37(c), plaintiff's motion should be granted.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion to Exclude Defendants' Supplemental Expert Report of Robert E. Kleinman, M.D. [Docket No. 126] is **GRANTED**. It is further

**ORDERED** that Robert E. Kleinman, M.D. may not testify at trial based on opinions that he formed or about facts he reviewed in the documents that Dr. Kleinman based his supplemental report on.

DATED August 20, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge